# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-cv-308 |
| ) | (Phillips) |
| JANET G. CROWE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the court on the government's Motion for Judgment on the Pleadings, or, Alternatively, for Summary Judgment [Doc. 5]. For the reasons that follow, the government's motion is **GRANTED**.

### I. BACKGROUND

The Sixth Circuit recently offered this brief background of the type of loan at issue in this case.

> Patterned after the United States' Guaranteed Student Loan ("Student Loan") program, the Health Education Loan program was enacted to meet the needs of health profession students who had to borrow substantially more than the borrowing limit under the Student Loan program. Health Education Loans were made available to full-time students in certain health profession schools. Administered by the Public Health Services of HHS [the Department of Health and Human Services], the Health Education Loan program employs a three-party structure: (1) private lenders make the loans, (2) the schools administer their application and disbursement and (3) HHS guarantees the loans. Lenders often sell their Health Education Loans to the Student Loan Marketing Association ("Sallie Mae"), a secondary loan market established by statute.
>
> After the borrower's graduation or departure from school, the lender establishes a repayment schedule that begins the first day of the tenth month after the borrower ceases to be a full-time student at a Health Education Loan school and allows the borrower up to 33 years to repay the loan. After the repayment period begins the borrower may request a forbearance, which provides an extension of time for making loan payments to avoid the borrower's default on his or her payments.

Case 3:08-cv-00308-TWP-HBG   Document 11   Filed 03/10/09   Page 1 of 7   PageID #: 71

In the event of the borrower's default, death, total and permanent disability or bankruptcy, HHS will pay off the lender's loss in principal and interest if the lender has complied with the terms of the Health Education Loan insurance contract, the statute and the regulations. HHS is then assigned the borrower's notes.

*United States v. Petroff-Kline*, ___ F.3d ___, No. 08-3062, 2009 WL 510669, at *1 (6th Cir. Mar. 3, 2009).

While defendant Janet G. Crowe, formerly known as Janet G. Seals, was a student at the Mercer University Southern School of Pharmacy, she applied for and obtained four such loans from the Chase Manhattan Bank, N.A. Sallie Mae purchased all four notes and received an assignment thereof. Defendant was later granted forbearance agreements and entered into bankruptcy. The adversarial proceeding regarding these loans was dismissed, and the debt was found not dischargeable. Sallie Mae then sought the assistance of HHS.

The government alleges it is owed the outstanding principal on the loans, $12.201.24, plus interest. Defendant "denies that this is her debt, and if it is her debt, she denies that it is still a valid debt, and if it is a valid debt, she denies the amount sued for is the correct amount." [Doc. 9 at 1].

**II.   STANDARD OF REVIEW**

The government has moved for judgment on the pleadings. In the alternative, should the court find it necessary to consider the Declaration of Barry M. Blum [Doc. 6-2], the government moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. As will be further explained below, because the court finds consideration of the declaration necessary for the government to establish its prima facie case, the court will consider the motion as one for summary judgment.

A court may grant summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court

-2-

must construe the facts and draw all inferences therefrom in the light most favorable to the party opposing the motion—in this case, the defendant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Where, as here, the moving party is the plaintiff, the party "therefore must show that it has produced enough evidence to support the findings of fact necessary to win." *El. v. Se. Pa. Transp. Auth.*, 479 F.3d 232, 237 (3d Cir. 2007). In other words, "it is inappropriate to grant summary judgment in favor of a moving party who bears the burden of proof at trial unless a reasonable juror would be compelled to find its way on the facts needed to rule in its favor on the law." *Id.* at 238. The non-moving party "can defeat summary judgment if it nonetheless produces or points to evidence in the record that creates a genuine issue of material fact." *Id.* Although the party not bearing the ultimate burden of proof does not have to produce affidavits or other documents that affirmatively negate the opponent's claim, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), the non-moving party cannot "rest on mere pleadings or allegations; rather it must point to actual evidence in the record on which a jury could decide an issue of fact its way." *El*, 479 F.3d at 238.

### III. ANALYSIS

Determining whether the government may recover on defendant's note is analyzed under a

burden-shifting framework.

> To recover on a promissory note the government must first make a prima facie showing that (1) the defendant signed it, (2) the government is the present owner or holder and (3) the note is in default. For that purpose the government may introduce evidence of the note and a sworn transcript of the account or certificate of indebtedness. Once such a prima facie case is established, defendant has the burden of proving the nonexistence, extinguishment[,] or variance in payment of the obligation.

*United States v. Petroff-Kline*, ___ F.3d ___, No. 08-3062, 2009 WL 510669, at *3 (6th Cir. Mar. 3, 2009) (inner citations removed).

The court finds that the government has satisfied its initial burden of demonstrating defendant's outstanding obligation on the loans at issue. First, the defendant did not specifically deny that she executed the notes in her answer, arguing instead that the notes are "void 'ultra vires' contracts." [Answer, Doc. 2 at ¶ 3]. Disputing the overall validity of the notes is not tantamount to denying that one signed them. Because "[a]n allegation ... is admitted if a responsive pleading is required and the allegation is not denied," Fed. R. Civ. P. 8(b)(6), the court finds that defendant admits she signed the promissory notes at issue. Second, the government has shown that it is the current holder of the note, as evidenced by the assignments in the promissory notes. [Exh. A to Compl., Doc. 1-1, at 2, 4, 6, 8]. Finally, the government has shown the notes are in default by producing evidence of the note and a sworn certificate of indebtedness. [Exh. B. to Compl., Doc. 1-2]; *Petroff-Kline*, 2009 WL 510669, at *3.

Defendant attempts, however, to attack the overall validity of the notes produced, arguing that the original documents must be produced in order for this court to receive them into evidence. [Doc 9 at 1, 2]. This argument was rejected by the Sixth Circuit in *Petroff-Kline*. There, the defendant likewise "insist[ed] that the Government ... produce the original promissory notes." *Petroff-Kline*, 2009 WL 510669, at *4. The Sixth Circuit rejected this argument, noting that "it is well-established that '[ph]otocopies are allowed into evidence as if they were originals.' " *Id.* at *4

(quoting *Buziashvili v. Inman*, 106 F.3d 709, 717 (6th Cir. 1997)). Under Rule 1003 of the Federal Rules of Evidence, "[a] duplicate is admissible to the same extent as an original unless (1) a *genuine* question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Fed. R. Evid. 1003 (emphasis added). The court finds that neither situation is present. Defendant has not raised a genuine issue as to the authenticity of the promissory notes but instead has advanced the sort of amorphous arguments as to their authenticity rejected by the Sixth Circuit in *Petroff-Kline*. *Petroff-Kline*, 2009 WL 510669, at *4. Nor does the court find that it would be unfair to admit the duplicate in lieu of the original, as photocopies of such loans are often used for establishing indebtedness of this very sort, *e.g.*, *id.*, and the government has indicated that it is in possession of the originals, [Doc. 10 at 2 n.1].

Defendant also argues that the proffered declaration [Doc. 6-2] by Mr. Barry M. Blum, Chief of the Referral Control Section, Debt Management Branch of the HHS, is invalid because "his statement is dependent on information provided by Sallie Mae" and "Sallie Mae does not provide any warranty to the data provided by Mr. Blum." [Doc. 9 at 1]. In the same vein, defendant disputes the amount of her outstanding debt (to the extent, she argues, that the obligation is valid) because of alleged "fuzzy math" by Sallie Mae and because Sallie Mae assigned the notes without warranty.

These arguments are without merit. Mr. Blum's declaration bears the same evidentiary weight as if it were sworn under oath. 28 U.S.C. § 1746 (an unsworn declaration bears same force as sworn declaration where, as here, "subscribed by him, as true under penalty of perjury, and dated" substantially in manner indicated). As defendant has offered no evidence attacking Mr. Blum's credibility, the court accepts this declaration as true. Moreover, the court has accepted the promissory notes into evidence, *see* discussion *supra*, and defendant has offered no compelling

reason as to why the validity of the promissory notes, or the veracity of Mr. Blum's declaration as to the validity thereof, should be questioned.

Accordingly, the court finds that the government has established its prima facie case as to defendant's indebtedness as a matter of law. The burden then shifts to defendant to prove "the nonexistence, extinguishment or variance in payment of the obligation." *Petroff-Kline*, 2009 WL 510669, at *3. The court finds defendant has failed to meet her burden of disproving the obligation. Defendant has only asserted vague arguments that her obligations cannot be effectively proven due to the financial and monetary policies of the United States, as well as to the alleged "fuzzy math" used by Sallie Mae. These arguments, however, being vague and conclusory, have no bearing on the validity of the debt as outlined above. Moreover, in a memorandum attached to her answer, the defendant argued that the monetary system of the United States, in particular its abandonment of the gold standard and the subsequent expansion of credit lending, renders her debt void. [Exh. C. to Answer, Doc. 2-1, at 9-17]. As the government notes, however, the Sixth Circuit has previously rejected this argument. *United States v. Totzkay*, 23 F. App'x 342, 344 (6th Cir. 2001) (defendant's "claims that this country's abandonment of the gold standard somehow nullifies her debt ... are patently meritless").

In short, defendant has "to failed present significant, probative evidence in order to establish a genuine issue of material fact to defeat the government's motion for summary judgment." *United States v. Pratt*, 34 F. App'x 191, 192 (6th Cir. 2002) (upholding entry of summary judgment in favor of government for defaulted amount of Health Education Assistance Loans where defendant "offered no evidence in support of his bare assertion" attacking the validity of his obligation); Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing

party may not rest merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial."); *see also El v. Se. Pa. Transp. Auth.*, 479 F.3d 232, 238 (3d Cir. 2007) (where plaintiff is movant for summary judgment, defendant cannot create a genuine issue of material fact by "rest[ing] on mere pleadings or allegations; rather it must point to *actual evidence* in the record on which a jury could decide an issue of fact its way" (emphasis added)).

### III. CONCLUSION

The government having provided probative evidence of defendant's outstanding obligation under her Health Education Assistance Loans and its entitlement to judgment as a matter of law, and the defendant having failed to establish a genuine issue of material fact with regard thereto, the government's alternative motion for summary judgment [Doc. 5] is **GRANTED**. Judgment for the United States and against defendant Crowe will be entered in the amount of $12,201.24 plus interest.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge

-7-

Case 3:08-cv-00308-TWP-HBG   Document 11   Filed 03/10/09   Page 7 of 7   PageID #: 77